UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH COREY,
    Plaintiff,

v.

JOHN DOE, *et al*.,
    Defendants.

No. 3:15-cv-01470 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. §1915A**

Plaintiff Keith Corey is incarcerated at a state prison in Connecticut, and he has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his constitutional right to be free from excessive force.  Plaintiff alleges that he fled from the police but upon his capture he was shot by a Connecticut State Trooper and otherwise brutally assaulted by arresting officers. For the reasons set forth below, I conclude that plaintiff has alleged plausible grounds for relief against the law enforcement officer who shot him but has not alleged plausible grounds for relief against any of the other officers who are named as defendants. Plaintiff may file an amended complaint within 30 days of this ruling against any defendant whom he can allege personal involvement sufficient to establish plausible grounds for relief.

**BACKGROUND**

The complaint alleges that on January 11, 2014, plaintiff was driving home with his girlfriend from a friend's house. As he approached a Wendy's restaurant, a "trooper turn[ed] on his lights," and "[s]o instead of turning into the Wendy[']s I continue[d] straight." Doc. #1 at 5. "I was on special parole at the time and police contact is considered grounds for violating my conditions of parole and would be sufficient grounds for taking me into custody." *Ibid.* The

1

complaint further alleges that "other [unnamed] officers engaged in the pursuit" and that they performed a maneuver so that his car was boxed in and could not move. *Ibid.* Plaintiff was ordered out of his car but, because his door was inoperable, plaintiff "told the officer that I could not get out of the car and I placed my hands out of the window and informed the officers I was on Parole." *Ibid.*

According to plaintiff, "[a]t this point I was approached and shot by officer Fahey." *Id.* at 6. Plaintiff was then "dragged out of the driver side window and brutally assaulted by the arresting officers [and] one of the officers used his handcuffs as you would use a pair of brass knuckles and punch[ed] me in the head." *Ibid.* All that plaintiff next remembers was waking up in a prison hospital. *Ibid.*

The complaint names as defendants the following five troopers or officials of the Connecticut State Police: Abely (first name not provided); Wilfred J. Blanchette; Benjamin Duffy; Fahey (first name not provided); and Brian Sumner. The complaint also names two "John Doe" defendants—John Doe #1 is alleged to be a trooper with the Connecticut State Police, and John Doe #2 is alleged to be an officer of the Norwich police department. Plaintiff seeks punitive damages, compensatory damages, and nominal damages.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must conduct an initial review of civil complaints filed by prisoners against governmental officials and it must "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court reviews the adequacy of the complaint in light of Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), and in light of the requirement that a *pro se* complaint be construed liberally to raise the strongest claim that it suggests. *See Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint does not meet the facial plausibility standard if it includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts must interpret "a *pro se* complaint liberally," it remains true that a complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Here, the complaint alleges wrongdoing by only one of the several real-name defendants: State Trooper Fahey. The complaint alleges that Fahey shot plaintiff. Although the complaint names several other law enforcement officers as defendants (Abely, Blanchette, Duffy, and Sumner), it does not allege any facts stating that any of these named defendants were present, much less that they participated in the alleged violence against plaintiff or that they did (or did not do) anything else to make them culpable. Even accepting my obligation to interpret a *pro se*

3

complaint liberally, I cannot conclude that a defendant should be held to answer to a federal lawsuit merely by being named as a defendant and with no factual allegations whatever of anything that the defendant did wrong. Accordingly, the claims against Abely, Blanchette, Duffy, and Sumner will be dismissed.

I will otherwise permit plaintiff's personal-capacity claims against the two "John Doe" defendants. Plaintiff has sufficiently alleged facts to suggest that he was subject to excessive force by unnamed officers following his shooting by Fahey. The inclusion of these "John Doe" defendants is permissible at this time as placeholders for purposes of notice of the scope of plaintiff's claim and for conducting discovery in this action. *See, e.g., Abreu v. City of New York*, 657 F. Supp. 2d 357, 362-63 (E.D.N.Y. 2009). While the Federal Rules of Civil Procedure do not explicitly allow nor prohibit the naming of "John Doe" defendants in complaints, some commentators have suggested that courts should allow complaints against "John Doe" defendants in the civil rights context. *See* Howard M. Wasserman, *Civil Rights Plaintiffs and John Doe Defendants: A Study in Section 1983 Procedure*, 25 Cardozo L. Rev. 793, 797-98 (2003); Carol M. Rice, *Meet John Doe: It Is Time for Federal Civil Procedure to Recognize John Doe Parties*, 57 U. Pitt. L. Rev. 883, 895 (1996). Plaintiff is cautioned, however, that he cannot ultimately obtain monetary relief against "John Doe" defendants, and he must diligently take steps to learn the identities of the "John Doe" defendants and to amend his pleadings to identify by name any person whom he seeks to hold liable for money damages. *See, e.g., Hogan v. Fischer*, 738 U.S. 509, 517-20 (2d Cir. 2013).

Accordingly, I conclude that the complaint plausibly alleges a claim only against Fahey and against the two "John Doe" defendants. Plaintiff, however, may proceed against these

4

defendants only in their individual (personal) capacities and not in their official capacities. As officials of the State of Connecticut, Fahey and John Doe #1 are not subject to suit in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009). Similarly, as to John Doe #2 (allegedly an officer of the Norwich police department), any official-capacity claim against a municipal official or employee must be considered to be a claim against the municipality itself, and plaintiff's complaint does not allege facts to establish grounds for municipal liability under 42 U.S.C. § 1983 (*i.e.*, that the City of Norwich had an unconstitutional policy, practice, or custom that caused the deprivation of plaintiff's constitutional rights by any of its officers). *See Graham*, 473 U.S. at 165-66 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

In short, plaintiff has alleged plausible grounds for relief only as to his individual-capacity claim against defendant Fahey and against the "John Doe" defendants. If plaintiff wishes to seek relief against any other law enforcement official, he may file an amended complaint that identifies such law enforcement officials and that contains factual allegations specific to each named defendant that is sufficient to establish plausible grounds for relief.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All claims against defendants Abely, Blanchard, Duffy, and Sumner are DISMISSED without prejudice to plaintiff filing an amended complaint within 30 days of this ruling that sets forth factual allegations against each of them or any other law enforcement officer to establish plausible grounds for relief. If plaintiff needs more than 30 days to discover and identify the names of any additional defendants, he may file a motion for extension of time, which motion

must describe why he needs more time and describing what steps he plans to take to identify any additional defendants.

(2) All official-capacity claims (but not individual-capacity claims) against defendants Fahey and the "John Doe" defendants are DISMISSED, without prejudice to plaintiff filing an amended complaint alleging sufficient facts involving an unconstitutional policy, practice, or custom to permit liability against the City of Norwich.

(3) Within twenty-one (21) days of this Order, the Clerk shall mail a waiver of service of process request packet to defendant State Trooper Fahey in his or her individual capacity at Connecticut State Police Troop E, Monville, P.O. Box 306, Uncasville, CT 06382 and to the Office of the Attorney General of the State of Connecticut.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

It is so ordered.

Dated at New Haven this 30th day of November 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge